**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

| | |
|---|---|
| CHRISTOPHER POWELL,<br><br>                                        Plaintiff,<br><br>-vs-<br><br>CITY OF BRIGANTINE; ROBERT RUBINO; JIM BENNETT; RICHARD CASAMENTO; DIANE RUBERTON; HARLEE STEIN; ATLANTIC COUNTY PROSECUTOR'S OFFICE; COUNTY OF ATLANTIC; STATE OF NEW JERSEY; JOHN DOE ATLANTIC COUNTY PROSECUTOR'S OFFICE EMPLOYEES 1-10; JOHN DOE BRIGANTINE EMPLOYEES 1-10; and JOHN DOES 1-10, Jointly Severally and/or in the Alternative<br><br>                                        Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>*Civil Action No: 1:21-cv-01983*<br><br><br>**AMENDED COMPLAINT** |

Plaintiff, Christopher Powell, by way of Complaint against the Defendants says:

## FIRST COUNT
### Action in Lieu of Prerogative Writ

1. Plaintiff, Christopher Powell, was and is a Police Officer with the Defendant City of Brigantine Police Department for the last 20 years and a member of the Atlantic County SWAT team.

2. On or about July 7, 2016, Plaintiff Officer Christopher Powell was charged by the Northfield City Police Department with a disorderly persons harassment complaint arising out of a domestic relationship with his wife.

3. Thereafter, on July 7, 2016, an Internal Affairs complaint was filed against the Plaintiff Christopher Powell under the Defendant, the City of Brigantine Police Department's Rules and Regulations.

4. On or about July 8, 2016, the Plaintiff reported to Defendant Chief of Police Jim Bennett's office within the Defendant Brigantine Police Department and was served with notice of the Internal Affairs complaint.

5. As part of the Internal Affairs complaint investigation the Plaintiff Officer Christopher Powell was required to submit a urine sample for drug testing, provide a list of his prescription medications, and undergo a fitness for duty evaluation.

6. The Plaintiff, Officer Christopher Powell complied with the directives given to him by the Chief of Police at the time as part of the Internal Affairs complaint investigation and provided a urine sample as well as a list of his current prescription drug medications.

7. Thereafter, Defendant Captain Rubino of the Defendant City of Brigantine Police Department, an Officer connected to the Internal Affairs Unit of the Defendant Police Department, submitted Plaintiff's urine samples and the list of medications to the New Jersey State Police Toxicology Lab for analysis.

8. On or about August 30, 2016, the Atlantic County Prosecutor's Office dismissed the aforementioned criminal charges filed against the Plaintiff by the Northfield Police Department.

9. Lieutenant McManus of the Defendant Atlantic County Prosecutor's Office sent an email to Defendant Captain Rubino of the Defendant Brigantine Police Department, the head of Internal Affairs, advising the Defendant City of Brigantine Police Department that those criminal charges against the Plaintiff had been dismissed.

10. Despite the dismissal of the criminal charges, Captain Rubino was directed to proceed immediately with an Internal Affairs investigation relating to the Plaintiff.

11. On or about September 30, 2016 the Plaintiff attended a fitness for duty psychological examination performed by Dr. Robert Tannenbaum as ordered by defendant Rubino and defendant Chief Bennett within the Internal Affairs investigation conducted by the defendant City of Brigantine and its Police Department.

12. On October 5, 2016, the Internal Affairs unit of the Defendant City of Brigantine Police Department completed its Internal Affairs investigation of the Plaintiff and found that the allegations against the Plaintiff were "not sustained" and dismissed the Internal Affairs Complaint.

13. On or about November 9, 2016, Captain Pepe of the defendant Atlantic County Prosecutor's Office sent Defendant Captain Rubino of the City of Brigantine Police Department an email advising that the Acting County Prosecutor, Defendant Diane Ruberton, authorized that the Plaintiff Officer Christopher Powell be returned to full duty without restrictions effective immediately. In addition, the email from the Defendant Prosecutor's Office also indicated that the Plaintiff Officer Powell's duty weapon was to be returned to him immediately.

14. On or about December, 2016 Captain Pepe from the Atlantic County Prosecutor's Office sent to Defendant Captain Rubino of the Defendant Brigantine City Police Department a two-page email indicating that the Plaintiff had submitted seven (7) prescription medications that he was taking in regard to the previous Internal Affairs case. Captain Pepe noted that the fitness for duty evaluation report prepared by Dr. Robert Tannenbaum only listed four (4) prescription medications that the Plaintiff was actively taking and therefore the report of Dr. Tannenbaum was allegedly unclear with respect to his awareness of the total prescription uses of the Plaintiff at the time of the evaluation. As such, Pepe indicated that Defendant Acting Prosecutor Diane Ruberton was rescinding her authorization for Plaintiff's return to work as a Brigantine City Police Officer at the time. She also rescinded authorization to return the Plaintiff's duty weapon as well at that time.

15. On December 7, 2016, Defendant Captain Rubino sent the Plaintiff a letter advising him that the Prosecutor's Office rescinded the authorization for his return to work and also instructed him to return his duty weapon pending a second fitness for duty evaluation. Plaintiff was advised to report to Dr. Galler's office at the Institute of Forensic Psychology on December 13, 2016 for yet another fitness for duty evaluation.

16. As a Municipal Police Officer, the Plaintiff was required to comply with all aspects of the Defendant City of Brigantine's Police Department's Internal Affairs investigation which included providing a urine sample, list of prescription medications and a fitness for duty psychological evaluations, which was completed by Plaintiff.

17. Thereafter, on or about March 9, 2017 the Defendant Atlantic County Prosecutor's Office, Diane Ruberton, Harlee Stein and/or John Doe Atlantic City Prosecutor's Office Employees 1-10, misappropriated the Plaintiff's personal and confidential medical information received from Defendant Brigantine, defendant Rubino and defendant Bennett in relation to an Internal Affairs investigation for purposes of initiating a collateral, illegal and unrelated independent criminal investigation relating to an old handgun permit application completed by Plaintiff. In this respect, the Defendants Ruberton, Stein, John Doe Atlantic County Prosecutor's Office Employees 1-10 and the Atlantic County Prosecutor's Office on November 24, 2017, relied on Plaintiff's private medical information received by Defendant Ruberton and Stein and/or John Doe Atlantic County Prosecutor's Office Employees 1-10 and from Defendant Brigantine to issue an illegal grand jury subpoena to the New Jersey Division of Consumer Affairs - New Jersey Prescription Monitoring Program compelling the production of Plaintiff's confidential prescription medicine records. The grand jury subpoena and the criminal investigation performed by the Defendant Atlantic County Prosecutor's Office Employees named herein was the direct result of the disclosure of Plaintiff's confidential medical information by the Defendant City of Brigantine's Police Department during the confidential Internal Affairs investigation performed by the Police Department, Defendant Rubino and Chief Bennett.

18. Plaintiff Officer Christopher Powell, as a result of the grand jury subpoena illegally issued by the Atlantic County Prosecutor's Office, was subsequently criminally charged and indicted based on the confidential medical/prescription records produced during the compulsory Internal Affairs

investigation.   The Defendants, including Assistant County Prosecutors Diane Ruberton and Harlee Stein, also initiated a civil weapons forfeiture procedure against the Plaintiff.

19. On or about December 3, 2018, Plaintiff filed a motion to suppress his medical records, including the psychological reports and the prescription medication records in the criminal prosecution, based on a violation of his New Jersey  Constitutional rights against self-incrimination as a Municipal Police Officer with the Defendant City of Brigantine Police Department and the doctrine of fundamental fairness.

20. On March 1, 2019, the Superior Court Law Division Cape May County granted Plaintiff's motion to suppress the medical records in the criminal prosecution as illegally obtained. Thereafter, on May 9, 2019, the criminal charges filed against the Plaintiff were dismissed voluntarily by the Prosecutor's Office.

21. On December 4, 2019, Defendants Atlantic County Prosecutors named herein filed an Amended Petition of Forfeiture of Plaintiffs weapons and right to possess the same. On January 9, 2020 after Plaintiff filed a Motion to Dismiss the Defendant's petition to forfeit Plaintiff's firearms, Superior Court Judge Taylor entered an Order dismissing the Defendant's petition.

22. Both the initial criminal charges initiated by the Defendants and the initial petition for forfeiture of Plaintiff's weapons have prevented him from returning to his employment with the Defendant City of Brigantine as a Police Officer.

23.  Defendants City of Brigantine, Chief Bennett and/or John Doe Brigantine Employees 1-10 without Plaintiff's consent and while Plaintiff was suspended from duty as a Police Officer, filed a civil proceeding and/or application against the Plaintiff for involuntary disability retirement on June 9, 2017 with the Plaintiff's Pension Board.

24.  On December 20, 2017, Plaintiff contested the involuntary disability retirement application filed by Defendant City of Brigantine.

25.  The application for involuntary disability retirement remains pending in the State Department of Pensions.

26. Thereafter, Plaintiff requested to return to work as a Police Officer with the Defendant City of Brigantine in 2020 after the dismissal of both the civil forfeiture petition and the criminal charges aforementioned.

27. Plaintiff, has requested written reasons for the Defendant City of Brigantine's failure to reinstate Plaintiff as a Police Officer with the City of Brigantine.

28. There are no physical or legal disqualifications preventing the Plaintiff from performing his duties as a Police Officer for the Defendant City of Brigantine.  Plaintiff has not to date received a written response from the Defendant City of Brigantine concerning his return to his employment as a Police Officer.

29. Plaintiff brings the First Count of his Complaint as an Action in Lieu of Prerogative Writ and/or an Order to Show Cause against Defendant City of Brigantine compelling Defendant City of Brigantine to provide written reasons and grounds as to why the Plaintiff should not be reinstated to his position as a Police Officer with the Defendant City of Brigantine and to compel his reinstatement to his position of a Police Officer with Defendant City of Brigantine.

**Wherefore**, Plaintiff requests the Court to enter an Order compelling the Defendant City of Brigantine to Show Cause why Plaintiff should not be reinstated to his position as a Police Officer with the Defendant City of Brigantine, including written reasons and or grounds for their refusal to reinstate his employment in addition to the imposition of back pay, attorney's fees and costs of suit, and such other equitable and just relief as the Court deems just and proper.

## SECOND COUNT
### Common Law Malicious Prosecution / New Jersey Constitution / NJCRA

1. Plaintiff repeats the allegations set forth in Count One of this Complaint as if fully set forth herein at length.

2. Defendant Rubino and Defendant Chief Bennett is and was a Police Officer and Chief of Police respectively employed with the Defendant City of Brigantine and was charged with the responsibility for the Internal Affairs Division of the Defendant City of Brigantine Police Department including the investigation of Internal Affairs complaints.

3. In accordance with the New Jersey Attorney General guidelines as it relates to Internal Affairs investigations of Police Officers and the Defendant City of Brigantine Police Department's policies and procedures, records relating to Internal Affairs investigations are considered as confidential.

4. Defendant Chief of Police Jim Bennett was the Chief of Police for the Defendant City of Brigantine Police Department at all times referenced herein and maintains the authority to charge and discipline Officers for all rules and regulations violations and to impose discipline against such Officers, including the Plaintiff under Title 40A of the New Jersey Statutes.

5. In 2016, the Plaintiff was interviewed by Defendant Rubino as part of an Internal Affairs investigation.

6. As part of that interview, Plaintiff asserted his rights and under the New Jersey Constitution and New Jersey State law which are rights and guarantees against coerced testimony that may incriminate an Officer who was forced to cooperate and provide testimony within the context of an Internal Affairs administrative investigation.

7. Thereafter, Defendant Rubino, by and through authorization of the Defendant Chief of Police, negligently, carelessly, recklessly and/or intentionally released the Plaintiff's private and confidential medical records and the prescription medication information protected under both privacy laws within the state of New Jersey relating to medical records and HIPAA law and regulations, and plaintiffs State constitutional right to Privacy concerning the release of medical information of employees and protected confidential information under the New Jersey Attorney General Guidelines as information obtained within the confines of an Internal Affairs investigation.

8. Thereafter, Defendants Atlantic County Assistant Prosecutor, Harlee Stein, and Diane Ruberton without probable cause and with the malicious intent to harm the Plaintiff and his ability to function and work as a Police Officer, filed a Civil Forfeiture Petition against the Plaintiff, seeking the forfeiture of his personal firearms and weapons and his right to carry a weapon with the private and confidential medical information received in the context of a collateral unrelated Internal Affairs investigation.

9. Plaintiff opposed the Defendant Atlantic County Assistant Prosecutor Stein's and Ruberton's forfeiture petition.

10. Defendant Atlantic County Assistant Prosecutors and the Atlantic County Prosecutor's Office, Defendant Harlee Stein, Defendant Diane Ruberton, and John Doe Atlantic County Prosecutor's Office Employees 1-10 improperly and with the malicious intent and motive, utilized the confidential information provided by Defendant Officer Rubino and Defendant Chief of Police Bennett concerning Plaintiff's medical condition, the prescription drug information, urine samples and a fitness for duty examination, all obtained as part of an Internal Affairs investigation which was dismissed and not sustained, for purposes of issuing an illegal grand jury subpoena to the State of New Jersey Prescription Medication Program for purposes of the production of the Plaintiff's private and confidential pharmacy records.

11. Defendants Stein, Ruberton and John Doe Atlantic County Prosecutor's Office Employees 1-10 intentionally obtained and misappropriated and misused Plaintiff's confidential medical information received in the context of an Internal Affairs investigation to initiate criminal prosecution against the Plaintiff without his consent and in retaliation for the Plaintiff's opposition to these Prosecutors' weapon forfeiture petition and assertion of Plaintiff's right to bear arms under the New Jersey Constitution and New Jersey Laws providing citizens of this state the right to own and maintain personal firearms and in violation of Plaintiff's New Jersey Constitutional right to petition the Government on matters of public concern.

12. It is further alleged that Defendants Stein, Ruberton and John Doe Atlantic County Prosecutor's Officer Employees 1-10, initiated a criminal prosecution against the Plaintiff with information illegally obtained in violation of Plaintiff's New Jersey common Law Constitutional rights against self-incrimination under New Jersey's Constitution Article 1 paragraph 10 and N.J.S.A. 2A:84-18-19 and without probable cause and with a malicious motive or intent and in violation of the Plaintiff's due process rights and principles of fundamental fairness and right of privacy under New Jersey's Constitution Article 1 paragraph 1.

13. Thereafter, the Superior Court Criminal Division, Judge Rauh, issued orders suppressing the evidence illegally obtained by the Defendant Atlantic County Assistant Prosecutors Stein and Ruberton and John Doe Atlantic County Prosecutor's Officer Employees 1-10, in violation of the Plaintiff's New Jersey Constitutional right against self-incrimination. As such, it has been conclusively established as a matter of law that the Defendant Prosecutors have violated the Plaintiff's New Jersey Constitutional rights against self-incrimination in obtaining Plaintiff's confidential medical information, without a warrant, without probable cause and with a malicious motive in obtaining the same.  Thereafter the criminal charges against Plaintiff were dismissed on May 9, 2019.

14. The actions of Defendant Stein, Ruberton and John Doe Prosecutor's Office Employees 1-10, constitute a common law claim for malicious prosecution.

15. It is further alleged the Defendant Ruberton and Stein's actions were taken under color of State law, depriving Plaintiff of his New Jersey Constitutional rights and statutory rights against self-incrimination, and rights of privacy all in violation of Plaintiff's New Jersey Constitutional rights under the common law and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 et seq.

16. Defendant Ruberton and Defendant Stein are being sued individually and in their official capacity.

17. As a proximate result of the malicious criminal prosecution filed and maintained against the Plaintiff by the Defendant Atlantic County Assistant Prosecutors Stein, Ruberton and John Doe Atlantic County Prosecutor's Employees 1-10 without probable cause, Plaintiff was suspended from his public employment and occupation as a City of Brigantine Police Officer and has suffered additional stigma including loss of his employment as a public servant, was forced to defend a baseless criminal prosecution with the threat of the loss of the current and future public employment, loss of past wages, future wages and pension benefits, damage to his personal and business reputation, severe emotional distress, mental anguish and other damages, all to his detriment.

18. It is further alleged Defendants Stein, Ruberton and John Doe Prosecutor's Office Employees 1-10 were agents servants and employees of the Defendant Atlantic County Prosecutor's Office, Defendant County of Atlantic and/or State of New Jersey at all times mentioned and pled herein. As such, these Defendants are vicariously liable for the common-law causes of action pled herein pursuant to principles of agency, master/servant and/or respondeat superior.

19. The aforementioned Defendants and each of them are sued in their individual capacity and official capacity.

20. It is further alleged that Defendants Atlantic County Prosecutor's Office, County of Atlantic and/or State of New Jersey were negligent, careless, reckless and/or deliberately indifferent in the training and supervision of the individually named Defendants, their employees which has led to repeated and predictable constitutional violations of the citizens of Atlantic County in the State of New Jersey, including the Plaintiff herein and as such the Defendants are directly labile to the Plaintiff for the individual Defendant's Constitutional violations. It is further alleged that the Defendants maintain the custom, practice, and policy of violating the Constitutional rights of citizens such as the Plaintiff as alleged herein and was deliberately indifferent despite notice and knowledge of the same thereby both

expressly and impliedly ratifying these individual Defendant's Constitutional violations including that of the Plaintiff thereby giving rise to the direct liability of these Defendants.

21.  It is further alleged that Plaintiff is entitled to an award of punitive damages as Defendants' conduct was activated by malice and/or a malicious intent or motive.

**Wherefore**, Plaintiff demands judgment against the Defendants, jointly, severally and in the alternative, for damages, punitive damages, attorney's fees, interest, costs of suit and such other relief as the Court deems just and proper.

### THIRD COUNT

1.    Plaintiff repeats the allegations set forth in Counts One and Two of this Complaint as if fully set forth herein at length.

2.    Defendant Richard Casamento was the Chief of Police for the City of Brigantine in 2020 and responsible for all personnel decisions within City of Brigantine Police Department.

3.    Defendant City of Brigantine, its agents, servants, and employees, Defendant Chief Richard Casamento, Defendant Chief Bennett, and John Doe Brigantine Employees 1-10 acting under color of state law, wrongfully terminated the Plaintiff's permanent employment as a Police Officer without providing the Plaintiff a hearing in violation of the Plaintiff's procedural and substantive due process rights under the New Jersey Constitution and New Jersey State Law.

4.    Plaintiff's employment with the Defendant City of Brigantine constitutes a property right protected by due process clauses of the New Jersey Constitution and laws of the State of New Jersey including Title 40A.  It is further alleged that under New Jersey State Law Plaintiff as a permanent Police Officer could only be terminated for certain specific just cause after written complaint specifying the charges and only after being provided a hearing. N.J.S.A. 40A:14-147.

5.    Defendant City of Brigantine's Chief of Police Bennett and/or Casamento and the agents, servants and employees, and John Doe Brigantine Employees 1-10 terminated the Plaintiff's

employment as a Police Officer in violation of the New Jersey Attorney General Guidelines and Title 40A, without notice, and without officially charging Plaintiff with any rules and/or regulation violation or a finding or determination after a hearing that the Plaintiff was in violation of any rule or regulation within the Defendant City of Brigantine Police Department, without a pre or post termination hearing and/or opportunity to be heard. It is further alleged that the Defendant City of Brigantine, its agents, servants, and employees have refused to reinstate him to employment as a Brigantine City Police Officer, even after the dismissal of all criminal charges against him as well as the petition seeking forfeiture of his weapons, thereby removing any legal disability preventing Plaintiff from continuing in his position of a Police Officer in Defendant City of Brigantine.

6.    The Defendants Jim Bennett, Richard Casamento, and John Doe Brigantine Employees 1-10 actions in terminating Plaintiff's employment without notice, charge or rule and regulation violation and without providing Plaintiff an opportunity for a name clearing hearing both pre and post termination, deprived the Plaintiff of his  procedural and substantive due process rights under the New Jersey Constitution and deprived him of his protected liberty interest in his reputation, under Article 1 paragraph 1 of the New Jersey Constitution and his statutory right to due process contained in Title 40A and has been stigmatized and his property interest in permanent public employment as a Police Officer in violation of the New Jersey Civil Rights Act N.J.S.A. 10:6-2.

7.    Defendants Casamento and Bennett, and John Does are being sued individually and in their official capacity.

8.    As a direct and proximate result of the Defendant's conduct aforementioned, the Plaintiff has been wrongfully terminated from his permanent employment as a Brigantine City Police Officer, deprived the right to a name clearing hearing pre and post termination, has had his liberty interest in his personal and business reputation infringed upon and stigmatized, has suffered a loss of past and future

wages, emotional distress, mental anguish, shock, humiliation and embarrassment and such other damages, all to his detriment.

9.    The Defendants' conduct as aforementioned was intentional, deliberate and calculated to cause the Plaintiff harm and as such, Plaintiff is entitled to an award of punitive damages.

10.    The violation of the Plaintiff's New Jersey Constitutional rights as aforementioned was undertaken by final decision-makers and/or final policymakers within the Defendant City of Brigantine, including the Defendant Chief of Police, the Business Administrator and John Doe Brigantine City Employees 1-10 and as such, the Defendant City of Brigantine is directly liable for these Defendants' Constitutional violations as the actions of the final policymakers of Defendant City of Brigantine.

11.    It is further alleged that the Defendants City of Brigantine, its agents, servants and employees, maintained a long-standing policy custom and practice of violating the constitutional rights of its employees, including the Plaintiff, including the constitutional rights more specifically delineated in the body of this Complaint aforementioned and despite the notice of this custom, practice and policy were deliberately indifferent in permitting and allowing constitutional rights of the Plaintiff to be violated as alleged herein in, the Defendant City of Brigantine is directly liable for the constitutional violations alleged in this Complaint.

12.    It is further alleged that Defendant City of Brigantine failed to adequately train, supervise and monitor its Officers, including the named Defendants named herein and that such failure to train or supervise these employees including Rubino and Bennett and John Doe Brigantine Employees 1-10 has resulted in repeated violations of employees' constitutional rights such as Plaintiff.

**Wherefore**, Plaintiff demands judgment against the Defendants, jointly, severally and in the alternative, for damages, punitive damages, attorney's fees, costs of suit and such other relief as the Court deems just and proper.

## FOURTH COUNT
## Common Law Malicious Abuse of or Use of Process

1. Plaintiff repeats the allegations of Count One through Three as if fully set forth herein at length.

2. The Defendant Atlantic County Assistant Prosecutors Stein and Ruberton and John Doe Atlantic County Prosecutor's Office Employees 1-10 initiated and maintained the weapons forfeiture petition against the Plaintiff without justification or cause and maintained the forfeiture proceedings without a reasonable basis either medically, factually, legally or otherwise.

3. The Defendants aforementioned, maintained and filed the weapon forfeiture petition against the Plaintiff with malice and with malicious and intentional purposes knowing that they were beyond the statutory time limit to do so.

4. The Superior Court Criminal Division Judge Taylor dismissed the Defendants' weapon forfeiture petition based upon the failure to file the petition within the statutory 45 day period and for a complete lack of evidence supporting their frivolous and baseless civil petition.

5. The Defendants' actions as aforementioned constitute a malicious abuse and/or use of the civil process.

6. As a direct and proximate result of the actions of the Defendants as aforementioned including the malicious abuse of or use of the civil process in violation of the Plaintiff's New Jersey Constitutional Rights, the Plaintiff was forced to defend a frivolous weapons forfeiture petition, deprived of his right to bear arms and own weapons, incur attorney's fees, was caused to be suspended from his employment as a Brigantine City Police Officer, suffered a loss of past and future wages and benefits, damage to his personal and business reputation, severe emotional distress, mental anguish, shock, embarrassment and humiliation, and such other damages all to his detriment.

7. The Atlantic County Prosecutor's Office and/or State of New Jersey and/or County of Atlantic is vicariously liable for the common law causes of action committed by its agents, servants and/or employees.

8. It is further alleged that the Defendant Atlantic County Prosecutor's Office and/or Atlantic County and/or State of New Jersey was negligent, careless, reckless, and deliberately indifferent in the training and supervision of its employees including the named defendants which has resulted in the repeated constitutional violations committed by the named Defendants including its employees and the harm eventually resulting to the Plaintiff herein. As such, Defendant Atlantic County Prosecutor's Office, Atlantic County, and the State of New Jersey are directly liable for the actions of the individual Defendants named herein.

**Wherefore**, Plaintiff demands judgment against the Defendants, jointly, severally and in the alternative, for damages, punitive damages, attorney's fees, and such other relief as the Court deems just and proper.

**FIFTH COUNT**
**Tortious Interference**

1. Plaintiff repeats the allegations set forth in Counts One through Four as if fully set forth herein at length.

2. The actions of the Defendants and each of them as aforementioned in this Complaint were undertaken with malicious motive, malice, aforethought and for purposes of interfering with the Plaintiff's contract and economic opportunities as a Police Officer with the Defendant City of Brigantine.

3. As a direct and proximate result of the Defendants' tortious interference with the Plaintiff's contract with the Defendant the City of Brigantine and economic opportunities with the Defendant City of Brigantine, Plaintiff was caused to be suspended from his position as a Police Officer, has been terminated from his position as a Police Officer with the Defendant City of Brigantine, and has been caused to suffer a loss of past and future wages and pension benefits.

**Wherefore**, Plaintiff demands judgment against the Defendants for damages, punitive damages, attorney's fees and costs of suit and such other relief as the Court deems just and proper.

## SIXTH COUNT
### Breach of Contract / Implied Covenant of Good Faith

1. Plaintiff repeats the allegations set forth in Counts One through Five of this Complaint as if fully set forth herein at length.

2. The Defendant City of Brigantine, its agents servants and employees, in failing to reinstate the Plaintiff to his position as a Brigantine City Police Officer after dismissal of the criminal charges and the petition for weapons forfeiture were dismissed, and failure to provide Plaintiff with written or verbal reasons for refusing to reinstate his employment as a Police Officer constitutes a breach of the covenant of good faith and fair dealing inherent in all employment contracts in the State of New Jersey.

3. The Defendant City of Brigantine, its agents servants and employees have not set forth any legitimate or valid business reason or otherwise for failing to reinstate the Plaintiff to his position as a Police Officer with the Defendant City of Brigantine after dismissal of the criminal charges and the weapons forfeiture petition aforementioned and as such, acted in bad faith in relation to the contract for employment between the Plaintiff and the Defendant City of Brigantine both express and implied. It is further alleged that the Defendant City of Brigantine its agents servants and employees in failing to reinstate the Plaintiff to his employment as a Police Officer has breached both the express and implied contracts for employment plaintiff maintained with the Defendant City of Brigantine.

4. As a direct and proximate result of the breach of covenant good faith and fair dealing both express and implied contracts for employment by the Defendant City of Brigantine, its agents, servants, and employees as aforementioned, Plaintiff has suffered a loss of past and future wages and benefits, emotional distress, mental anguish, and such other damages all to his detriment.

**Wherefore**, plaintiff demands judgment against the Defendant City of Brigantine, its agents, servants, and employees, for damages punitive damages, costs of suit, attorney's fees and such other relief as the Court deems just and proper.

## SEVENTH COUNT
### Violation of Public Policies

1. Plaintiff repeats the allegations set forth in Counts One through Six of this Complaint as if fully set forth herein at length.

2. Defendant City of Brigantine, their agents, servants, and employees' failure to permit Plaintiff to return to work after all legal disqualifications were removed or dismissed violated N.J.S.A. 40A:14-147 in failing to provide Plaintiff the process required under New Jersey Law before terminating a permanent Police Officer and constitutes a common law constructive wrongful termination in violation of public policy.

3. Defendant Brigantine and its agents, servants and employees violated Plaintiff's rights to be reinstated as a Police Officer with the Defendant City of Brigantine under Title 40A of the New Jersey Statutes and this Statute (N.J.S.A. 40A:14-147) constitutes a source of public policy.

4. As a direct and proximate result of the constructive wrongful termination, Plaintiff was caused a loss of past and future wages, loss of pension benefits, damage to his personal and business reputation, emotional distress, and such other damages all to his detriment.

**Wherefore**, plaintiff demands judgment against the Defendant City of Brigantine, its agents, servants, and employees, for damages punitive damages, costs of suit, attorney's fees and such other relief as the Court deems just and proper.

## EIGHTH COUNT

1. Plaintiff repeats the allegations set forth in Counts One through Seven of this Complaint as if fully set forth herein at length.

2. Plaintiff alleges that an insufficient amount of time has identify additional parties who may be responsible for the allegations set forth above. Pursuant to R. 4:26-4 the plaintiff would respectfully request and reserve the right to amend the Complaint if further discovery reveals the identities of previously unknown individuals who may be responsible in whole or in part or in part for the plaintiff's

damages. Such unidentified parties are herein designated as John Doe Atlantic County Prosecutor's Office Employees 1-10, John Doe Brigantine Employees 1-10 and John Does 1-10.

3.  As a direct and proximate result of defendants' aforementioned, Plaintiff has suffered a loss of past and future wages and benefits, emotional distress, mental anguish, and such other damages all to his detriment.

**Wherefore**, plaintiff demands judgment against the Defendants, each of them, jointly, severally and/or in the alternative for damages punitive damages, costs of suit, attorney's fees and such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

### DESIGNATION OF TRIAL COUNSEL

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

### CERTIFICATION UNDER RULE 4:5-1

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Castellani Law Firm, LLC

Dated: March 1, 2021                     By: _____
                                         David R. Castellani, Esquire
                                         Attorneys for Plaintiff